**Concurring opinion issued December 6, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00647-CV

———————————

## IN THE INTEREST OF A.K.T., A CHILD

———

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-03858J**

———

## CONCURRING OPINION

I concur in the judgment. I write separately to caution against the dangers of kitchen-sink approaches to opinion writing, particularly in the area of parental-termination appeals. There is ample evidence to support the judgment in this case. That being the case, the court can and should be selective in highlighting the evidence that supports the outcome, avoiding reliance on more dubious factors.

With particular reference to evaluating the best interests of the child, one of the nonexclusive factors to be considered is "the parental abilities of the individuals seeking custody."[1] I would not emphasize the mother's lack of income or resources when there is no reason to do so. A parent's inability or unwillingness to care for a child can and should be considered in a best-interest analysis without reducing the issue to a matter of the parent's indigency. Why not stop there and rely on the other evidence that supports termination under the other best-interest factors? We don't terminate parent-child relationships because the parents are poor.[2] And we must take care not to write judicial opinions that suggest that we do.

With these observations, I concur in the court's judgment.


Michael Massengale
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

Justice Massengale, concurring in the judgment.

---

[1]     *See Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976).

[2]     *See* TEX. FAM. CODE § 161.001(c)(2) ("A court may not make a finding under Subsection (b) and order termination of the parent-child relationship based on evidence that the parent . . . is economically disadvantaged . . . .").